All right, our seventh case for today is United States v. Harper. Ms. Christensen. May it please the Court, Counsel. Good morning, Your Honors. My name is Joanna Christensen and I represent the appellant Gloria Harper. The threshold issue here is really the government's conceded this case should go back for a full re-sentencing based on the Thompson-Cappas issues. I filed a 28J about Fowler, United States v. Fowler, where this court said that the other issues need not be addressed necessarily because the court can address them on remand. We'll rely on that. If the court has any questions about the further issues, I'd be glad to I believe they are important for the district court to consider. It's pretty clear from the record that for whatever reason the district court decided to determine the defense had presented no specifics about the value of the benefit received, despite the fact that there were hours and hours of testimony from both experts about that issue, including the defense expert. It didn't end up changing the loss calculation or value-benefit calculation. So right, it didn't matter for this 7 million to 20 million range? Right, right. The defense expert ultimately agreed after some more calculations that it was above 7 million. They weren't in agreement on the exact number, obviously, but it was above 7 million. So the guideline calculations didn't matter. But it was a mitigating factor in this case, particularly since when you look at that 20 level guideline enhancement, it goes from 7 million dollars to 20 million dollars, and she was on the low end of that. That certainly was a factor to be argued and the district court didn't consider it. But she got a sent, at least an imprisonment term, way below a significant guidelines range. So why should I think that the district judge was not paying attention to these? Well, I think that the judge was paying attention, but perhaps misconstrued the findings. The defense did say that it challenged restitution, but it didn't offer specifics about that. But what I'm saying is, thinking of sentencing globally, the district judge is listening to this, is seeing that she's right at the margin for at least the guideline calculation. There's argument about that and the district judge chooses to give a much more lenient sentence than the But at the same time, to put in the restitution requirement that she does. So, as we've been saying with these plenary remands, one part of the sentence might be affected by another, that's all. And I think that's my exact argument. If I didn't have the Thompson issue, that would be my argument, is that that could have affected. And yes, she got a significantly lower than guidelines sentence, but under United States v. Love, which was a similar situation as far as how low the sentence was compared to the guidelines, the remand was still necessary because it could have impacted the district court's decision. And when we don't know for sure, that's certainly something that should go back. Was your concern that the judge was deceived and thought that the loss might have been $20 million? No, no. It's pretty clear the judge didn't think it went up to $20 million. But with the lack of findings, it's unclear whether the judge considered the mitigation presented by the defense. So that's our argument. And certainly that can be represented with the full remand. Mitigation of what? I don't understand. The fact that the defense expert said that the value of the benefit should have been much lower, almost $2 million lower than the government expert, and provided evidence to back that decision up, and then the court said, no, the defense didn't provide any specifics. You think the difference was between $7 million and $9 million? It was $7.6 million, about $9.6 million. The government was obviously $9.6 million. I thought $9.6 million was the benefits, not the loss. It was the value of benefit. I misspoke. It's not an amount of loss calculation. It's a benefit calculation, but it's done under the same guidelines section. It's one of those rare cases where the amount of loss doesn't... So you challenged the $9.6 million? Yes. That's an excessive estimate of benefits? Yes. And it failed to take into account the salaries of the gentlemen who were running the busing companies in this case, and that they were doing legitimate work. It may have been obtained inappropriately, and perhaps they were overcharging for their work. But it wasn't what? It wasn't. They were actually transporting. Right. The students got to where they were supposed to go, and obviously that requires scheduling, and maintenance, and all of the things of running a business that actually is a legitimate business. The second issue is about the supervised release term as mandatory. The court did say it was a mandatory one year, and I think that can also be addressed in the Thompson slash Kappus remand. So unless the court has further questions about that, we ask for the full remand for resentencing. Thank you. Thank you. Mr. Getter? Good morning. May it please the court, Matthew Getter on behalf of the United States. As we pointed out in our brief, and as counsel stated to the court, we've conceded that the district court committed procedural error in her enunciation of the supervised release terms, and that the case should be remanded for resentencing. And you agree it should be a full remand? Yes, it should be. Given the way the cases have evolved in this court over the past several months to a year or so, the court has made it clear, and we no longer disagree at this point, that the supervised release terms have an interplay with the sentence of incarceration that's imposed, such that the district court should consider both the term of incarceration as well as the supervised release that she would reimpose, or that she would impose on a resentencing. So do you think there's a significant chance that Ms. Harper may wind up with a sentence that's longer, an imprisonment term that's longer than 120 months? I hate to read tea leaves, Your Honor, but my hunch is that she will not. My hunch is that given her age, which was either 62 or 63 at the time of the sentencing, as well as her medical condition, which involved, I believe, diabetes, and there may have been a heart issue, I don't recall for sure, that I can't believe that the district court would impose a sentence of higher than 10 years, even if she decided to change the terms of supervised release that were previously imposed. My issue with the argument that the that the appellant raises is that the focus of the argument appears to be that the district court committed procedural error by not considering the evidence presented to her at the sentencing, and the transcript completely undermines that argument. There were several references that the district court made about the presentations plural. She talked about the battle of the experts. She talked about how much information was provided. There's no dispute that each side put on a great deal of evidence in the form of documents and testimony, and to suggest that Judge Coleman didn't consider the the arguments on the value-benefit received raised by the defense, I think is really, is not borne out whatsoever by the transcript. So I think the question that that I have in my mind is when this goes back to a remand for resentencing, is the extent to which the court would receive additional evidence, if appropriate. The evidence has all been presented on laws. I don't believe either side has additional evidence to present. We pretty much exhausted ourselves. Well isn't it appropriate just to leave that up to the district judge to see if the parties ask? Perhaps. I don't think that's unreasonable to do that, Your Honor, and certainly Judge Coleman could say I'd ask each side, do you have anything more to add? So I think that's really how the issue is, how it gets framed when it gets sent back to the district court. With regard, unless there any more questions on that issue, just very briefly on the issues of the one-year supervised release term, the, again, while this court certainly could send it back to the district court and ask if she understood that there was not a mandatory one-year supervised release term, I think it's pretty obvious from the record that she simply misspoke when she was referring to the mandatory term of supervised release, as that statement was followed by a list of several mandatory terms of supervised release. And unless there are any more questions from the court, I have nothing further. All right, thank you very much. Anything further, Ms. Christensen? I'll comment on the question about a longer sentence. I think, and I've advised Ms. Harper of this, I think it's very unlikely she'll get a longer sentence for the same reasons the government's stated, but it is something that we consider, of course, in these cases, and in most of them they have not resulted in longer sentences, and I think a good majority have gotten lower sentences to balance out the supervised release terms. So full resentencing, I think we should leave it up to the district court whether to take more testimony. It was really well testified as far as evidence. I'm not sure that would be necessary, but I think the district court should direct that decision. Okay, thank you very much then. Thanks to both counsel.